[Cite as *State v. Fitzgerald*, 2016-Ohio-206.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 102861**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**MICHAEL FITZGERALD, JR.**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-585758-A

**BEFORE:** Keough, J., Jones, A.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** January 21, 2016

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1360 East Ninth Street, Suite 600
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Joan M. Bascone
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

**{¶1}** Defendant-appellant, Michael Fitzgerald, Jr. ("Fitzgerald"), appeals from the trial court's judgment finding him guilty of felonious assault, domestic violence, and disrupting public service, and sentencing him to four years imprisonment. He contends that the trial court erred in denying his motion to amend his plea to not guilty by reason of insanity. We affirm.

## I. Background

**{¶2}** Fitzgerald was indicted on two counts of felonious assault, one count of disputing public services, and one count of misdemeanor domestic violence. The charges arose from an incident on May 19, 2014, where Fitzgerald got upset with his father, knocked the phone out of his hands while he was trying to call 911, maced him, and then stabbed him as he tried to flee.

**{¶3}** The trial court referred Fitzgerald to the court psychiatric clinic for an evaluation of competency and sanity. Dr. Cathleen Cerny met with Fitzgerald on two occasions and prepared two reports. One report opined that Fitzgerald was competent to stand trial; the other opined that he understood the wrongfulness of his actions on May 19 and was not suffering from a severe mental disease or defect on that day.[1] The report further found that although Fitzgerald suffered from intermittent explosive disorder, general anxiety disorder, and post-traumatic stress disorder, these mental issues did not rise to the level of a severe mental disease or defect with respect to the not-guilty-by- reason-of-insanity defense. At a hearing on September 3, 2014, the prosecutor and defense counsel stipulated to Dr. Cerny's reports.

---

[1] Under R.C. 2901.01(A)(1), "[a] person is 'not guilty by reason of insanity' * * * if the person proves * * * that at the time of the commission of the offense, the person did not know, as a result of severe mental disease or defect, the wrongfulness of the person's acts."

{¶4} Upon Fitzgerald's request, the court subsequently appointed new counsel for him. New counsel moved the court for an independent psychiatric competency and sanity evaluation, which the court granted.

{¶5} The case was set for trial in February 2015. Ten days before trial, defense counsel filed a notice of change of plea to not guilty by reason of insanity. The state filed an objection to the notice.

{¶6} Before trial commenced, the court heard argument regarding the state's objections to the change of plea. The prosecutor objected to the change of plea because 1) on September 3, 2014, defense counsel had stipulated to Dr. Cerny's competency and sanity findings; and 2) there was no expert evidence to support the change of plea.

{¶7} Defense counsel conceded that the defense had no expert to opine regarding Fitzgerald's sanity at the time of the offense. Counsel asserted, however, that Fitzgerald had been undergoing counseling with James Pikar of Faust Psychological Services as part of his federal parole requirements, and that Mr. Pikar would present records demonstrating that Fitzgerald had been diagnosed with "major depressive disorder with psychotic features."

{¶8} The trial court denied the motion for a change of plea to not guilty by reason of insanity. Fitzgerald then pleaded no contest to the indictment, and the trial court found him guilty of the charges. At sentencing, the court found that Counts 1, 2, and 4 were allied offenses that merged for sentencing; the state elected to proceed to sentencing on Count 2, felonious assault. The court sentenced Fitzgerald to four years incarceration on Count 2, and 18 months on Count 3, disrupting public services, to be served concurrently. This appeal followed.

## II. Analysis

{¶9} In his single assignment of error, Fitzgerald contends that the trial court erred in denying his motion to amend his plea to not guilty by reason of insanity.

{¶10} Under Crim.R. 11(H), "the defense of not guilty by reason of insanity must be pleaded at the time of arraignment, except that the court for good cause shown shall permit such a plea to be entered at any time before trial."

{¶11} We review a trial court's decision whether to permit a change of plea to not guilty by reason of insanity for abuse of discretion. *State v. Fitzgerald*, 4th Dist. Scioto No. 13CA3579, 2014-Ohio-5024, ¶ 7. An abuse of discretion occurs when the court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Here, the trial court did not abuse its discretion in denying Fitzgerald's change of plea.

{¶12} We note first that Fitzgerald's prior defense counsel stipulated to Dr. Cerny's finding that Fitzgerald was sane at the time of the offense, an issue that counsel does not address on appeal. Even putting that issue aside, however, the law in the Eighth District is that expert testimony is required before the issue of insanity may be submitted to the jury. In *State v. Walter*, 8th Dist. Cuyahoga No. 56562, 1990 Ohio App. LEXIS 309 (Feb. 1, 1990), the defendant sought to change his plea to not guilty by reason of insanity. The defendant did not have an expert witness to testify about his sanity at the time of the offense, although he had records showing that he had been hospitalized in a psychiatric hospital several times, and his mother would testify that the defendant did not know what he was doing. The trial court denied the motion, ruling that expert medical testimony was a prerequisite to the admission of other evidence of insanity.

{¶13} This court affirmed on appeal, finding that

[w]hile lay witness testimony may sufficiently describe the manifest behavior of a defendant, *see, e.g.*, *State v. Brown* (1983), 5 Ohio St.3d 133, 136, 449 N.E.2d 449; [*State v.*] *Malcolm*, Cuyahoga App. No. 50846, unreported, we believe an expert's specialized knowledge is required to assist the jury in determining whether in fact at the time of the offense the defendant was suffering from a

mental disease or other defect of the mind and, most importantly, the effect of the disease or defect on the defendant's ability to know the wrongfulness of an act or to refrain from doing a particular act * * *.

*Id.* at *7-8.

**{¶14}** This court reasoned that

[s]imply because one may be suffering from a mental disease, brain damage or other defect does not mean one is legally insane unless it affects one's behavior to the extent required to establish legal insanity. Only an expert would be so well versed in the various mental diseases or other defects to analyze the possible degrees of affect they could have on any individual's behavior at any given time.

*Id.*

**{¶15}** Several years after *Walter*, this court again found that expert testimony is necessary for an insanity defense. In *State v. Yasko*, 8th Dist. Cuyahoga No. 75221, 1999 Ohio App. LEXIS 5691 (Dec. 2, 1999), this court affirmed the trial court's ruling excluding the defendant's expert from testifying about the defendant's alleged insanity at the time of the offense because the expert's report did not declare the defendant insane, but only partially mentally impaired. This court concluded that "[h]ence, Yasko did not offer expert testimony for a jury to consider in support of his plea of not guilty by reason of insanity * * *."

**{¶16}** Fitzgerald would have us follow *State v. Reynolds*, 49 Ohio App.3d 27, 550 N.E.2d 490 (2d Dist.1988), in which the Second District held that expert testimony is not a prerequisite to the admission of evidence of insanity, and that where there is other evidence of insanity, including lay testimony, the issue of the defendant's insanity may go to the jury. This court expressly considered *Reynolds* in *Walter*, however, and rejected its reasoning. *Walter* at *8.

**{¶17}** Because expert testimony that the defendant was legally insane at the time of the offense is necessary to support a not-guilty-by-reason-of-insanity defense, and Fitzgerald offered no such expert testimony, he did not demonstrate good cause for changing his plea. Thus, the

trial court did not abuse its discretion in denying his motion to change his guilty plea to not guilty by reason of insanity. The assignment of error is overruled.

{¶18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., A.J., and
ANITA LASTER MAYS, J., CONCUR